# STATE OF MICHIGAN

# COURT OF APPEALS

In re BOYKINS/NADELL, Minors.

UNPUBLISHED
January 19, 2016

No. 327656
Jackson Circuit Court
Family Division
LC No. 06-005748-NA

Before: SHAPIRO, P.J., and O'CONNELL and BORRELLO, JJ.

PER CURIAM.

Respondent-mother, M. Boykins, appeals as of right the trial court's order terminating her parental rights to her minor children. We affirm.

## I. BACKGROUND FACTS

The oldest child disclosed that the children's father, J. Nadell, had sexually abused her. During the investigation, all the children disclosed neglectful, abusive conditions, including being locked alone in a room until they were forced to urinate and defecate on themselves, being subject to physical and sexual abuse, and witnessing sexual acts between Boykins and Nadell.

Therapist Carla Hines testified that the children were very traumatized and difficult to parent, and Boykins seemed to be in denial about the abuse and neglect the children had suffered at her home. Hines opined that for the children to feel secure in Boykins's care, Boykins would have to acknowledge the children's abuse, take responsibility for it, apologize, and demonstrate that her environment could be safe. Joseph Kehrer-Scharphorn, the children's caseworker, testified that Boykins did not progress in services and did not fully acknowledge the extent of the trauma the children experienced. Kehrer-Scharphorn explained that unless Boykins acknowledged the children's trauma, she would be unable to help them heal from it. He also testified that, despite completing parenting classes, Boykins was unable to parent all of the minor children together. Boykins testified that she understood the trauma the children went through and took responsibility for her part in it, but denied that she was directly involved in traumatizing the minor children.

The trial court ordered Boykins's parental rights terminated, finding that there was clear and convincing evidence that at least one statutory basis supported termination. However, the electronic recording of the final day of the proceeding was corrupted and unavailable. The trial court's oral rulings—including its specific findings of fact—and some of the testimony of witnesses who testified in Boykins's favor are not part of the record on appeal.

-1-

## II. CONSTITUTIONAL RIGHT TO PARENT

First, Boykins contends that termination of her parental rights was improper because she has a constitutional right to parent her children.

Parents have a significant constitutional liberty interest in the care and custody of their children. *In re Miller*, 433 Mich 331, 346; 445 NW2d 161 (1989); *MLB v SLJ*, 519 US 102, 119; 117 S Ct 555; 136 L Ed 2d 473 (1996). This right entitles the parent to due process before the state may remove the parent's child from his or her custody. *In re Sanders*, 495 Mich 394, 403-404; 852 NW2d 524 (2014). But once the Department has established that a parent is unfit, the parent's rights yield to the state's interests in protecting the child. *Id*. at 409-410; *Stanley v Illinois*, 405 US 645, 652-653; 92 S Ct 1208; 31 L Ed 2d 551 (1972).

Boykin was entitled to due process protections in the removal and termination proceedings, but she does not challenge the procedures in any way. Boykins is simply incorrect that she has an absolute constitutional right to parent her children. We reject this meritless argument.

## III. STATUTORY GROUNDS

Next, Boykins contends that the trial court erred by finding that statutory grounds supported terminating her parental rights. We disagree.

We review for clear error the trial court's findings supporting termination. MCR 3.977(K); *In re Trejo Minors*, 462 Mich 341, 356-357; 612 NW2d 407 (2000). A finding is clearly erroneous if we are definitely and firmly convinced that the trial court made a mistake. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).

We are unable to review the trial court's factual findings in support of its ultimate determination that the petitioner proved at least one statutory ground for termination because the record before this Court is incomplete. The appellant is responsible for securing and filing the transcripts of the lower court proceedings. MCR 7.210(B)(1)(a). "When a transcript of the proceedings in the trial court or tribunal cannot be obtained from the court reporter or record, the appellant shall take the following steps to settle the record and to cause the filing of a certified settled statement of facts to serve as a substitute for the transcript." MCR 7.210(B)(2). The appellant shall move to settle the facts and set forth a proposed statement of facts. MCR 7.210(B)(2)(a). If the appellee contests the statement of facts, the trial court or tribunal shall certify a settled statement of facts in sufficient detail to provide for appellate review. MCR 7.210(B)(2)(b) and (c). The appellant shall then file the settled statement of facts with this Court. MCR 7.210(B)(2)(d).

Boykins's appellate counsel has failed to follow these clearly delineated procedures. Thus, we are unable to review the trial court's findings of fact supporting its determination because those findings are not part of the record before this Court. The only finding before this Court is that the testimony supported at least one statutory ground for termination. On the existing record, we conclude that this finding was not clearly erroneous.

MCL 712A.19b(3)(g) provides that termination is appropriate if there is clear and convincing evidence that "[t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." In this case, multiple therapists and persons involved in the case testified that Boykins refused to acknowledge her part in the children's abuse. Hines testified that Boykins could not make progress in her ability to care for the children unless she accepted responsibility for her actions and apologized because the children would act out, experience trauma symptoms, and be afraid of her. Cara Weiler, a clinical trauma interventionist and expert on child trauma assessment, opined that it was not reasonably likely that Boykins would begin to address her issues for at least six to nine months, which was too long for the children to wait for permanency.

There was extensive evidence that Boykins was unable to care for and parent the children and would be unable to do so within a reasonable time. Accordingly, we are not definitely and firmly convinced that the trial court made a mistake when it found that at least one statutory ground supported terminating Boykins's parental rights.[1]

We affirm.

/s/ Douglas B. Shapiro
/s/ Peter D. O'Connell
/s/ Stephen L. Borrello

---

[1] Other grounds may have included MCL 712A.19b(3)(b) (physical abuse), (c)(*i*) (failure to rectify conditions leading to adjudication), and (j) (likelihood of harm).